UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET M. GIFFORD,

        Plaintiff,                                    Case Number 12-12152
                                                       Honorable David M. Lawson
v.                                                         Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

       The plaintiff filed the present action on May 14, 2012 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration of the treating physician's opinion and to take additional testimony. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on July 9, 2013 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record in light of the parties' submissions. The Administrative Law Judge (ALJ) determined that the plaintiff suffered from certain physical and mental impairments, bbut she was able to perform a range of light work with certain limitations noted by the magistrate judge. Although the ALJ found that those impairments limited the range of unskilled work the plaintiff could perform, he concluded that she could perform some unskilled work and therefore was not disabled. The plaintiff filed a motion to reverse the findings of the Commissioner and raised several issues, each of which were addressed by the magistrate judge.

The plaintiff makes the following objections to the magistrate judge's report, which repeat the arguments the plaintiff made in her brief: (a) the ALJ improperly rejected the opinions of the plaintiff's treating physicians concerning her seizure disorder and the extent of other disabilities; (b) as a result, the ALJ did not make an accurate assessment of the plaintiff's residual functional capacity; (c) consequently, the hypothetical question that the ALJ posed to the vocational expert did not include a complete recitation of the plaintiff's limitations, and the response could not constitute substantial evidence of the plaintiff's ability to engage in substantial gainful activity.

The magistrate judge rejected each of these arguments. The plaintiff's objections to the report and recommendation largely reflect the arguments she made in her motion papers. She did not separately number her objections, but her argument centers on her contention that the magistrate judge incorrectly concluded that substantial evidence supported the final determination of the commissioner. In her first objection, the plaintiff argues that the hypothetical question posed by the ALJ failed to accurately describe the plaintiff's abilities and limitations, because it did not account

for her moderate deficiencies in concentration and did not mention any limitations related to working on a schedule or responding to criticism. In her second objection, the plaintiff argues that the ALJ should have given more weight — perhaps controlling weight — to the November 2010 assessment by her treating physician, Dr. Nancy Cao. The plaintiff argues that Dr. Cao's opinion that the plaintiff was precluded from full-time work was supported by objective testing that included an abnormal MRI of her cervical spine, an abnormal EMG, and three abnormal EEG tests.

The plaintiff, who is now fifty-one years old, filed her application for disability insurance benefits on September 9, 2009, when she was forty-seven. The plaintiff completed high school and received training as a machinist. The plaintiff last worked in March 2009 and stopped working when fear of having seizures at work caused her to quit her job as a bookkeeper. She alleges a disability onset date of April 1, 2009. The plaintiff has been diagnosed with seizure disorder, chronic obstructive pulmonary disease (COPD), degenerative joint disease, degenerative disc disease of the cervical and thoracic spine, carpal tunnel syndrome, depression, and anxiety disorder. Although the ALJ acknowledged the diagnosis of carpal tunnel syndrome, he found that the medical evidence showed that disorder had been resolved. The plaintiff has a history of migraine headaches, but she testified that she only has one every three months. The plaintiff also had a past ankle fracture, but no medical evidence suggests that it did not completely heal. The plaintiff reported a history of seizures, but none since the alleged disability onset date. At the time of the hearing on her claim for benefits, the plaintiff testified that she was taking Xanax and Zoloft for depression.

On September 9, 2009, the plaintiff filed her claim for disability benefits, alleging that she became disabled on April 1, 2009. On February 3, 2010, that claim was denied by ALJ David K. Gatto. On February 3, 2010, the plaintiff filed a written request for a hearing on her claim, and on

January 12, 2011, the plaintiff appeared before ALJ Gatto. The ALJ issued a written decision on January 24, 2011 in which he found the plaintiff not disabled. On April 9, 2012, the Appeals Council denied review of the ALJ's decision.

ALJ Gatto reached the conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. He found that the plaintiff had not engaged in substantial gainful activity since April 1, 2009, even though she had earnings from part-time work (step one); the plaintiff suffered from seizure disorder, chronic obstructive pulmonary disease (COPD), degenerative joint disease, degenerative disc disease of the cervical and thoracic spine, depression, and anxiety disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a bookkeeper, machine operator, or food preparation worker, which exceeded her current functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a range of light work, limited by restrictions to jobs which would not require her to climb stairs or ramps more than occasionally and which would never require her to climb ladders, ropes, or scaffolds; work at unprotected heights; or work around dangerous moving machinery or near hot surfaces or open flame. The ALJ also found that the plaintiff must avoid vibrations. A vocational expert testified that the plaintiff would be able to perform work at a light exertional level, including representative occupations such as housekeeping and assembly. The expert testified that there are around 35,000 such jobs in the state. Based on these findings and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not

disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on April 9, 2012.

The Court has reviewed the thorough and comprehensive report of the magistrate judge and agrees with it at every turn. The magistrate judge considered each of the plaintiff's arguments, identified the applicable law, and reached the correct conclusion. The plaintiff takes issue with those findings, but the objections to the report and recommendation merely restate the arguments presented to the magistrate judge. The Court is in accord with the magistrate judge's treatment of each of the arguments the plaintiff raised, and there is no point in repeating the findings and conclusions here. The Court concludes that substantial evidence supports the ALJ's non-disability finding.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #16] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #9] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**, and the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
                                    DAVID M. LAWSON
                                    United States District Judge

Dated:   September 30, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2013.

                                    s/Shawntel Jackson
                                    SHAWNTEL JACKSON

---